## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | **No. 1:21-cr-00679-JEB** |
| | **:** | |
| **ROBERT WAYNE DENNIS.** | **:** | |

### DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Comes now Defendant, Robert Wayne Dennis, by and through his attorney Allen Orenberg, to respectfully request the entry of an Order suppressing all statements taken by law enforcement officers on July 8, 2021, and on October 20, 2021. In support, the following is stated::

### BACKGROUND

Robert Wayne Dennis, is a 62 year old male who lives in Garland, Texas. He is charged in a nine count indictment (Dkt. 13) with various violations of law arising out of the January 6, 2021, on the grounds of the United States Capitol.

### STATEMENT OF FACTS

On October 21, 2021, at about 6:00 o'clock a.m., Mr. Dennis was arrested at his small home in Garland, Texas by a large contingent of local and state police officers and federal agents. Mr. Dennis estimates about nine cars and at least a dozen agents came to his house that day. Lights were everywhere and they managed to wake up his whole quite neighborhood in Garland Texas. They knocked on the door loudly. When he finally opened it, they told him to step out and get

1

down on the ground. Mr. Dennis asked them "why" and he was told to walk forward and turn around and back up. He was immediately handcuffed. He had managed to put pants on, but little else. The agents had guns drawn. Mr. Dennis had no question in his mind he was under arrest.

The officers that day had a search warrant and an arrest warrant. They took several items from Mr. Dennis's home. They sat Mr. Dennis down in his bedroom to talk to him. They read him his rights and had him sign the rights advisement paperwork. He attempted to read the rights but could not without his glasses. An officer fetched his glasses for reading close-up so that he could read the form better. After discussion of and advisement of his rights, Mr. Dennis cooperated with the officers and he gave a recorded but not videotaped statement. Mr. Dennis was groggy and not fully awake yet. It was 6:26 a.m. in the early morning. The officers told Mr. Dennis they wanted to talk about what was going on right now, meaning the arrest and search taking place that day. The agents identified themselves at people Mr. Dennis had met before in a previous interview setting. It is this first meeting that, which took place in July of 2021, nearly three months earlier, that forms the basis for the challenge to the statements made by Mr. Dennis both then (July 2021) and at the custodial interview later in October 2021.

As stated, the custodial interview was not the first time these agents spoke to Mr. Dennis. The very same agents, Adam Pope and John Dolan Moore, interviewed Mr. Dennis on July 8, 2021. This interview took place during the day time hours,

2

when Mr. Dennis was alert and awake. They knocked on the door and, initially, Mr. Dennis mistook them for missionaries because they had suits on. When he opened the door they introduced themselves and he was informed they were there to talk about the arrest warrant which had been issuee in D.C. for Mr. Dennis. They told him that they wanted to get his side of story. At that point, Mr. Dennis felt he was obligated to talk to the officers about the January 6th events that took place and the pictures they showed of himself that day that were supposedly part of his arrest warrant charges. The agents did not read Mr. Dennis his rights or otherwise inform him verbally of the same. They used the threat of the arrest warrant as a basis for getting Mr. Dennis to talk without his knowing his rights. Months later, when they executed the real arrest warrant signed by the Federal Magistrate on October 14, 2021, Mr. Dennis was advised of his rights.

When the officers told him in July, 2021, that they were there to talk about the arrest warrant, they lied. There was, in fact, no arrest warrant at that time for Mr. Dennis. This talk of an "arrest warrant" gave Mr. Dennis the impression he was compelled to answer the questions posed by the agents.

Furthermore, in July, 2021, Mr. Dennis was not informed of the actual status of his case. He was never told an investigation had been opened on him for suspected crimes involving anti-government extremism. Such an investigation had been opened in May of 2021 by Agent Pope, the very same agent who came to

interview Mr. Dennis that day claiming to be addressing an existing arrest warrant.

(See figure 1 below).



*Figure 1*

The July of 2021 ambush interview of Mr. Dennis was supposed to make the case for this newly opened investigation. Indeed, when they arrested Mr. Dennis three months later and conducted the custodial interview, it was merely an attempt to go back over, and in some cases firm-up with more serious language, the same information they got in July 2021. This time they would have a waiver of rights to cover their tracks. The custodial (October, 2021) interview is thus the tainted fruits of the unconstitutional interrogation conducted previously in July, 2021.

## LAW ON STATEMENTS

The Supreme Court has determined that the Fifth and Fourteenth Amendment's prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the Defendant that he has the right to remain silent and the right to the presence of an attorney. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Miranda warnings are required before custodial interrogation begins. *Id*. at 444-45. Before it can use any statements produced through custodial interrogation, the government has the burden to show that. "the defendant 'voluntarily, knowingly and intelligently' waived [these] rights." *J.D.B. v. North Carolina*, 564 U.S. 261, 269-70 (2011). Moreover, the Government must show the statements were obtained without coercion or improper inducement. *Colorado v. Connolly*, 479 U.S. 157 (1986).

Should a defendant make a statement, a court must examine the voluntariness of the particular statement and test whether the statement was

freely given under the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also, Malloy v. Hogan*, 378 U.S. 1, 6- 7 (1964) (the constitutional inquiry is not whether the conduct of the law enforcement officers in obtaining the confession was shocking, but whether the confession was free and voluntary); *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The government bears the burden of proving by a preponderance of the evidence that a statement allegedly made by a defendant was voluntary, or fits into exceptions to this general rule. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Garcia*, 780 F. Supp. 166, 171 (S.D.N.Y. 1991). Without a valid Miranda waiver, the police may not ask questions, even during booking, that are designed to elicit incriminatory admissions. *Pennsylvania v. Muniz,* 496 U.S. 582, 601-02 & n. 14. Accordingly, the questioning here by law enforcement officers did serve to elicit incriminatory admissions.   The government bears the burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination when a defendant raises a colorable claim of coercion. *See Miranda* 384 U.S. at 475; 18 U.S.C. § 3501(b) (setting forth criteria for determining when a confession is "voluntary" or "coerced.") And when determining voluntariness of a statement, the "totality of the circumstances" must be examined, including the defendant's individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F. 3d 1135,

6

1143-44, (4ᵗʰ Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1071-72 (4ᵗʰ Cir. 1987). *Accord United States v. Van Metre*, 150 F 3d 339, 348-49 (4ᵗʰ Cir. 1998).

## ARGUMENT

First, the statement made on July 8, 2021, was obtained by improper inducement. Agent Pope told Mr. Dennis that he was there to discuss an arrest warrant out for Mr. Dennis from D.C. concerning the events of January 6th.  There was in fact, not warrant out for Mr. Dennis's arrest at that time. Mr. Dennis was induced into answering questions about the January 6th events through this improper characterization of his status. He was shown pictures of himself from body worn camera footage as if they were part of the warrant for his arrest and asked to incriminate himself with statements about the event surrounding this supposed arrest warrant. The agents did not advise Mr. Dennis of his rights and used the false arrest warrant narrative as a basis to speak with him that day and compel him to make statements they intend to use against him. The July 8, 2021 statements and the October 10, 2021 statements should be suppressed in this matter.

A hearing on this motion is requested.

Respectfully submitted,

THE ORENBERG LAW FIRM, P.C.

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Mr. Robert Wayne Dennis

DATED: November 7, 2022