UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 1:21-cr-00679-JEB |
| | : | |
| ROBERT WAYNE DENNIS. | : | |

**DEFENDANT'S MOTION IN LIMINE**

Comes Now Defendant, Robert Wayne Dennis by and through counsel, and respectfully requests the entry of an Order limiting the government's use of certain words or terms at trial. Mr. Dennis seeks to prevent the government from using the following terms: "Rioters," "Breach," "Confrontation," "Anti-Government Extremism," "insurrectionists," and "mob." Mr. Dennis also seeks to limit the government from referencing Mr. Dennis as an "Anti-government extremist" or utilizing captions on photos, videos, or exhibits referencing the same.

In support, the following is stated:

### A. The References to Rioters, Breach, Confrontation, Mob, Anti-Government Extremism and/or Insurrectionist(s).

Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c). The term "statement" includes both oral and written assertions. Fed. R. Evid. 801(a). Hearsay evidence is inadmissible unless authorized by another rule or statute. Fed. R. Evid. 802.

"Hearsay is generally inadmissible as evidence because it is considered unreliable." *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) (*citing Williamson v. United States*, 512 U.S. 594, 598 (1994)).

The Sixth Amendment's Confrontation Clause guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Clause precludes the government from introducing even otherwise admissible hearsay. *Crawford v. Washington*, 541 U.S. 36 (2004).

If these terms are included on a video, photo, or other item of evidence, or referenced, While the time and location of a video recording might not be hearsay or generate a Confrontation Clause problem, statements such as "Rioters Approach," "Breach," "Confrontation," "Police Line," etc. do because they are testimonial.

Opinion testimony is not helpful, if the opinion is one that the witness is in no better position to render than the jurors themselves. *United States v. Garcia-Ortiz*, 528 F.3d 74, 79–80 (1st Cir. 2008); *United States v. Wantuch*, 525 F.3d 505,514 (7th Cir. 2008).

Nor should opinion testimony usurp the fact-finding role of the jury or in this case the Judge. *United States v. Garcia*, 413 F.3d 201, 210–11 (2d Cir. 2005);*United States v Grinage*, 390 F.3d 746, 750–51 (2d Cir. 2004).

### B. Any Reference to Mr. Dennis Being an Anti-Goverment Extremist Should not be Permitted.

The Defendant has reason to believe that the Government may attempt to introduce evidence, make prejudicial statements, or ask prejudicial questions about the character of the Defendant when character is not in issue and has no relevance to the crimes charged. Under the Federal Rules of Evidence, the Government may not introduce specific instances of character of the Defendant, and it may not introduce any evidence of the character of the Defendant unless Defendant has raised such evidence and it is a "pertinent" trait to the case. Fed. R. Evid. 404(a)(2)(A) (requiring evidence against victim to be "pertinent"); Fed. R. Evid. 405 (limiting evidence of specific conduct to cases in which character is "an essential element of a charge, claim, or defense").

Here, the character of the defendant and his views about the government is wholly irrelevant to any of the listed charges and is therefore not "pertinent." Accordingly, the Court should order the Government not to make any statements about the character of the Defendant without leave of the Court.

Additionally, said attempted use fails §403 analysis. The use of this information seeks to inflame the trier of fact and the ability to render a fair, impartial verdict. The Government seeks to admit this information, the label they put on Mr. Dennis from the beginning of the investigation into his January 6th

conduct, to establish that anti-government extremism makes Mr. Dennis anti-law enforcement as well, which could not be further from the truth.

As this evidence is of little relevance to begin with, the danger of its use far outweighs its probative value. The evidence is not related to any of the key disputes in this cause, it is not important to resolving an issue in this cause, and the evidence is not needed by the Government to seek to prove any issues in this cause.

## **CONCLUSION**

Based on the foregoing reasons and such other reasons which may appear just and proper, Mr. Robert Wayne Dennis respectfully requests this Honorable Court Grant this Motion in Limine and Grant any and all other relief deemed equitable and fair by this Honorable Court.

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. 301-984-8005
Cell Phone No. 301-807-3847
Fax No. 301-984-8008
aorenberg@orenberglaw.com

DATED: November 8, 2022