UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT WAYNE DENNIS,<br><br>Defendant. | Criminal Action No. 21-679 (JEB) |

**MEMORANDUM OPINION**

Defendant Robert Wayne Dennis is charged with multiple counts for his participation in the January 6, 2021, insurrection at the U.S. Capitol. He now seeks dismissal of several of these charges on a variety of infirm grounds that have been persuasively rejected by this Court and others in this district. The Court will accordingly deny his Motion.

**I.   Background**

Defendant has been indicted on nine counts. The charges are: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count I); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1) (Counts II, III, and IV); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count V); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count VI); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Count VII); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count VIII); and an Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count IX). See ECF No. 13 (Indictment).

1

Dennis now seeks dismissal of several of the charges against him. His Motion targets Counts I, V, VI, VII, and VIII for varied reasons. See ECF No. 28 (MTD).

**II.     Legal Standard**

Prior to trial, a defendant may move to dismiss an indictment or information on the basis that there is a "defect in the indictment or information" including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit a jury to" conclude that the defendant committed the criminal offense as charged. United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012); United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). An indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). A court accordingly cabins its analysis to "the face of the indictment and, more specifically, the language used to charge the crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (quoting United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)) (emphases omitted).

**III.    Analysis**

The Court separately addresses Defendant's myriad arguments.

    A.      Overbreadth and Vagueness

Dennis first attacks Count I of the Indictment (Civil Disorder, in violation of 18 U.S.C. § 231(a)(3)) as overbroad under the First Amendment and vague under the Fifth. That count charges:

> On or about January 6, 2021, within the District of Columbia, ROBERT WAYNE DENNIS[ ] committed and attempted to commit

>an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer J.S., an officer from the Metropolitan Police Department, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

Indictment at 1–2. The civil-disorder statute under which the Government brings this charge reads:

>Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function—
>
>Shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 231(a)(3).

Criminal statutes "that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application." City of Houston v. Hill, 482 U.S. 451, 459 (1987). Specifically, the First Amendment bars laws that "punish[ ] a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep,'" and for which no "limiting construction" is available. Virginia v. Hicks, 539 U.S. 113, 118–19 (2003) (quoting Broadrick v. Oklahoma, 413 U.S. 601, 613, 615 (1973)). Section 231(a)(3) "must be scrutinized with particular care" for overbreadth. City of Houston, 482 U.S. at 459. "[T]he mere fact[,]" however, "that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." Members of City Council of L.A. v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984).

3

Defendant's argument that "Section 231(a)(3) extends to a substantial amount of constitutionally protected speech and expressive conduct, well in excess of the law's legitimate sweep[,]" MTD at 15, is a word-for-word recitation of the overbreadth challenge to the same law that this Court previously rejected in United States v. Mostofsky, 579 F. Supp. 3d 9, 22 (D.D.C. 2021), another January 6 case. The Court explained there that "the 'strong medicine of overbreadth invalidation' is not necessary here because the statute's potentially unconstitutional applications are few compared to its legitimate ones." Id. (quoting Hicks, 539 U.S. at 120) (internal citation and quotation marks omitted).

Dennis's next grievance with Count I is that § 231(a)(3) is unconstitutionally vague. He contends that the law "is replete with vague and imprecise terms that fail to provide a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited," MTD at 10, pointing as examples to the phrases "any act to obstruct, impede, or interfere" and "incident to and during the commission of a civil disorder." Id. at 10–11. Defendant goes on to argue that the law's lack of a "scienter/*mens rea* element weighs in further favor of the statute's unconstitutionality." Id. at 11.

These arguments parrot those that have been offered and rejected in other January 6 cases in this district. To begin, Defendant is incorrect that the statute lacks a *scienter* requirement. As courts in this District have previously observed, the statute "punishes only acts 'performed with the specific purpose to "obstruct, impede, or interfere with" firefighters or law enforcement.'" United States v. McHugh, 583 F. Supp. 3d 1, 25 (D.D.C. 2022) (construing § 231(a)(3) to require specific intent). Dennis's purported examples of vague statutory terms are similarly unconvincing. As Judge John Bates explained in McHugh: "An ordinary person would have an intuitive understanding of what is proscribed by a ban on obstructing, impeding, or interfering

4

with law enforcement." Id. at 27. "Civil disorder," for its part, "has a fulsome statutory definition: 'any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.'" Id. at 26 (quoting 18 U.S.C. § 232(1)). The challenged phrases therefore do not "tie[ ] criminal culpability to . . . wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings." United States v. Williams, 553 U.S. 285, 306 (2008). The Court thus joins all others in this district that have found this argument unpersuasive. See, e.g., McHugh, 583 F. Supp. 3d at 26 (rejecting January 6 defendant's vagueness and overbreadth challenges to § 231(a)(3)); United States v. Williams, No. 21-618, 2022 WL 2237301, at *3–7 (D.D.C. June 22, 2022) (same); United States v. Bingert, No. 21-91, 2022 WL 1659163, at *12 (D.D.C. May 25, 2022) (same).

B.      Applicability of § 1752

Dennis next seeks dismissal of Counts V, VI, and VII, all of which allege violations of 18 U.S.C. § 1752. That statute penalizes entering or disrupting business in a "restricted building or grounds." The statute then defines that phrase:

> (1) the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—
>
> (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
>
> (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
>
> (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

18 U.S.C. § 1752(c)(1)(A)–(C). The thrust of Defendant's argument is that § 1752 permits only the Secret Service to restrict access to the Capitol and that it did not do so on January 6. In the

alternative, he maintains that the statute does not apply here "because former Vice President Pence was not 'temporarily visiting' the Capitol building on January 6, 2021." MTD at 19.

This Court rejected the first of these arguments in Mostofsky, 579 F. Supp. 3d at 27–28 ("The text plainly does not require that the Secret Service be the entity to restrict or cordon off a particular area."), and the second in United States v. Ballenger, No. 21-719, 2022 WL 14807767, at *2 (D.D.C Oct. 26, 2022) ("Many judges in this district have disagreed with [the] suggestion that Vice President Pence was not temporarily visiting the Capitol, given that this term logically describes what he was doing on January 6."). It does so again here.

### C. Sufficiency

Defendant also raises a litany of sufficiency challenges to Counts I, VII, and VIII. For example, he maintains that Count I is defective because it does not allege facts that relate to interstate commerce or a federally protected function. See MTD at 7. Yet an indictment need not allege facts that establish all elements of an offense. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). "[T]o be sufficient, [it] need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014). As this Court has explained in rejecting a similar challenge in an insurrection case, the Indictment here is sufficient because it "set[s] out in clear and unambiguous terms" the offenses with which Defendant is charged. Ballenger, 2022 WL 14807767, at *1. These contentions hold no water either.

\*   \*   \*

While Defendant raises a multitude of arguments for dismissal, he presents none that have not already been rejected in January 6 cases by either this Court or others in this district — cases that Defendant does not cite, let alone distinguish.  This Motion thus meets the same fate as its predecessors.

## IV.   Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss.  A separate Order so stating will issue this day.

s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  December 6, 2022