### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**ROBERT WAYNE DENNIS,**<br><br>**Defendant.** | **Criminal No. 21-679 (JEB)** |

## <u>ORDER</u>

Defendant Robert Wayne Dennis awaits trial on a nine-count Indictment that charges him with crimes in relation to the January 6, 2021, insurrection at the United States Capitol. <u>See</u> ECF No. 13 (Indictment). Defendant now contends in a cursory Motion to Dismiss that Counts V, VI, VII, VIII, and IX of the Indictment violate constitutional prohibitions on double jeopardy and multiplicity. <u>See</u> ECF No. 32 (Mot. to Dismiss). Because the Court finds that the counts may proceed together, it will deny the Motion.

Count V charges entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); VI charges disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); VII charges engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4); VIII charges disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and IX charges an act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). <u>See</u> Indictment at 3–5. Defendant asserts that convictions on the aforementioned counts "would violate the Double Jeopardy Clause" of the Constitution because they are multiplicitous. <u>See</u> MTD at 2.

1

If Congress wishes to impose multiple punishments for offenses arising out of the same single act or course of conduct, "imposition of such sentences does not [necessarily] violate Double Jeopardy." United States v. McLaughlin, 164 F.3d 1, 8 (D.C. Cir. 1998). Some indictments that charge a single offense in several counts, however, may indeed contravene the Fifth Amendment because they could lead to multiple punishments for a single crime. "Duplicative or multiplicative indictments also run the risk of 'some psychological effect upon a jury by suggesting to it that [the] defendant has committed not one but several crimes.'" United States v. Han, 280 F. Supp. 3d 144, 152 (D.D.C. 2017) (quoting United States v. Ketchum, 320 F.2d 3, 8 (2d Cir. 1963)).

In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court provided a test to determine when the Government may constitutionally indict a defendant on multiple counts based upon the same conduct. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. Put differently, a "single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (quoting Morey v. Commonwealth, 108 Mass. 433, 434 (1871)). The test for multiplicity thus "is not whether two counts are based on the same set of facts; rather it is whether the statutory elements of the two offenses are the same." United States v. Manafort, 313 F. Supp. 3d 311, 314 (D.D.C. 2018).

Defendant's multiplicity arguments here fail because each of the offenses charged in the relevant counts "requires proof of a fact which the other does not." Blockburger, 284 U.S. at

304; see United States v. Ballenger, 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022) (analyzing similar counts in January 6 case and applying Blockburger test to show that one count required proof of element that another count did not and vice versa).

Count V, for example, requires that the defendant was "without lawful authority" to be in a restricted building or grounds — an element not required by Counts VI, VII, VIII, or IX. See Indictment at 3. Count VI requires proof of "disorderly or disruptive conduct," an element lacking from Counts V, VII, and IX. Id. It also requires that a defendant's conduct "in fact impede and disrupt the orderly conduct of Government business and official functions," which is not an element of Count VIII (or any other count). Id. (emphasis added).

Count VII requires that the defendant "engage in any act of physical violence," an element absent from Counts V, VI, and VIII. Id. at 4. It also requires that a Secret Service protectee, here the Vice President, be "temporarily visiting" the Capitol and its grounds, an element lacking from Count IX. Id. Count VIII meanwhile requires that the defendant "inten[d] to impede, disrupt and disturb the orderly conduct of a session of Congress and either House of Congress," which is an element not required for any of the other counts. Id. (emphasis added). Finally, Count IX requires proof that the defendant acted "willfully and knowingly," which is not a requirement for Counts V, VI, and VII. Id. at 5. It also includes that the defendant engage "in an act of physical violence," which is not an element of Count VIII. Id.

Because the counts pass the <u>Blockburger</u> test, the Court ORDERS that Dennis's [32] Motion to Dismiss is DENIED.

<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
United States District Judge

Date:  <u>December 6, 2022</u>