UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-679 (JEB) |
| | : | |
| ROBERT WAYNE DENNIS, | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF JOINT PROPOSED ELEMENTS OF LAW

The United States of America and defendant Robert Wayne Dennis, by and through their undersigned attorneys, hereby submit proposed elements of law for the nine counts charged in the indictment, as requested by the Court at the pre-trial conference on December 15, 2022. The parties have met and conferred on these proposed instructions, and there are no points in dispute.

## COUNT ONE
(Civil Disorder, in violation of 18 U.S.C. § 231(a)(3))

In order to find the defendant guilty of this offense, the fact-finder must find the following elements beyond a reasonable doubt:

1. The defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with a law enforcement officer, J.S. [1];

2. At the time of the defendant's actual or attempted act, the law enforcement officer, J.S., was engaged in the lawful performance of his official duties incident to and during a civil disorder; and

---

[1] The initials "J.S.", as used in Count One of the indictment, refer to then-Metropolitan Police Officer John Stadnik, who the Government expects will testify at trial.

3. The civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

### Attempt

An attempt to commit this offense is a crime even if the defendant did not actually complete the crime. In order to find the defendant guilty of an attempt to commit this offense, the fact-finder must find beyond a reasonable doubt each of the following two elements:

1. That the defendant intended to commit this offense, and
2. That the defendant took a substantial step toward committing this offense which substantial step strongly corroborates or confirms the defendant intended to commit this offense.

### Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property. (18 U.S.C. § 232.)

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia. (18 U.S.C. § 232.)

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.  (18 U.S.C. § 232.)

The term "department" includes executive departments.  The Department of Homeland Security, which includes the United States Secret Service, is an executive department.  (5 U.S.C. § 101.)

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. (18 U.S.C. § 6.)

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.  (2 U.S.C. §§ 1961, 1967.)

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Additional Sources

Exhibit A, Oral Ruling, *United States v. McCaughey et al.*, 21 Cr. 040 (TMF) (D.D.C. Sept. 13, 2022) ("*McCaughey* Ruling") at pp. 43-44.

Exhibit B, Jury Instructions, *United States v. Webster*, 21 Cr. 208 (APM) (D.D.C. Aug. 8, 2022) ("*Webster* Jury Instructions") at pp. 15-18.

**COUNTS TWO, THREE, AND FOUR**
(Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1))

Counts Two, Three, and Four of the Indictment charge the defendant with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with specific Metropolitan Police Officers persons engaged in the performance of their official duties.  Count Two specifies

the violation as to J.S. [2]; Count Three specifies the violation as to D.P. [3]; and Count Four specifies the violation as to C.W. [4]

In order to find the defendant guilty of these offenses, the fact-finder must find the following elements beyond a reasonable doubt:

1. The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with [Officer J.S. (Count Two) / Officer D.P. (Count Three) / Officer C.W. (Count Four)], an officer from the Metropolitan Police Department;

2. The defendant did such acts forcibly;

3. The defendant did such acts voluntarily and intentionally;

4. The person assaulted, resisted, opposed, impeded, intimidated, or interfered with [Officer J.S. (Count Two) / Officer D.P. (Count Three) / Officer C.W. (Count Four)] was assisting officers of the United States who were then engaged in the performance of their official duties; and

5. The defendant <u>either</u> made physical contact with and assaulted a person who was assisting officers of the United States who were then engaged in the performance of their official duties [namely, Officer J.S. (Count Two) / Officer D.P. (Count Three) / Officer C.W. (Count Four)] <u>or</u> the defendant acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the violation of 18 U.S.C. § 231(a)(3) charged in Count 1.

---

[2] The initials "J.S.", as used in Count Two of the indictment, refer to then-Metropolitan Police Officer John Stadnik, who the Government expects will testify at trial.
[3] The initials "D.P.", as used in Count Three of the indictment, refer to Metropolitan Police Officer Dora Vandayburg *nee* Pacheco, who the Government expects will testify at trial.
[4] The initials "C.W.", as used in Count Four of the indictment, refer to Metropolitan Police Officer Chad Wyble, who the Government expects will testify at trial.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

### Definitions

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. In order to find that the defendant committed an "assault," the fact-finder must find that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

### Additional Sources

*McCaughey* Ruling pp. 8-13.

*Webster* Jury Instructions pp. 12-15 (instructions for lesser included offense).

### COUNT FIVE
(Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1))

In order to find the defendant guilty of this offense, the fact-finder must find the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building or grounds without

lawful authority to do so; and

2. The defendant did so knowingly.

## Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.  (18 U.S.C. § 1752(c).)

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President. (18 U.S.C. §§ 1752(c), 3056.)

The term "knowingly" has the same definition as set forth in Count One.  In deciding whether the defendant knowingly entered or remained in a restricted building, the fact-finder may consider all of the evidence, including what the defendant did or said.  *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).  Furthermore, a person who enters or remains in a restricted area with a good faith belief that he is entering with the lawful authority is not guilty of this offense. Thus, the fact-finder cannot find the defendant guilty of this offense unless the fact-finder is convinced beyond a reasonable doubt that the defendant did not have a good faith belief of lawful authority to enter or remain in the restricted area.

## Additional Sources

*Webster* Jury Instructions pp. 18-20 (instructions for lesser included offense).

Exhibit C, Oral Ruling, *United States v. Larry Rendall Brock*, 21 Cr. 140 (JDB) (D.D.C. Nov. 16, 2022) ("*Brock* Ruling), at p. 400.

See also, Government's (Corrected) Legal Instructions, *United States v. Daniel Egtvedt*, No. 21-0177 (CRC), ECF 98, pp. 10-11.

## COUNT SIX
(Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2))

In order to find the defendant guilty of this offense, the fact-finder must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

### Definitions

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[5]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Five.

### Additional Sources

*Webster* Jury Instructions pp. 20-21 (instructions for lesser included offense).
*Brock* Ruling pp. 402-406.

---

5    Redbook 6.643.

**COUNT SEVEN**
(Engaging in Physical Violence in a Restricted Building or Grounds,
in violation of 18 U.S.C. § 1752(a)(4))

In order to find the defendant guilty of this offense, the fact-finder must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and

2. The defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault with intent to harm or injure or other infliction of death or bodily harm on an individual, or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Five.

Additional Sources

*McCaughey* Ruling pp. 51-52.

*Webster* Jury Instructions pp. 23-24 (instructions for lesser included offense).

**COUNT EIGHT**
(Disorderly Conduct in a Capitol Building,
in violation of 40 U.S.C. § 5104(e)(2)(D))

In order to find the defendant guilty of this offense, the fact-finder must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or at any place in the Capitol Grounds;

2. The defendant did so with the intent to impede, disrupt, or disturb the orderly

8

   conduct of a session of Congress or either House of Congress; and

3. The defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Grounds" includes all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds," dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columba in book 127, page 8. The West Front of the United States Capitol, including the Upper West Terrace, is part of the "United States Capitol Grounds" for purposes of this count.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Six defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating. *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

The term "knowingly" has the same meaning described in the instructions for Count One.

### Additional Sources

*Brock* Ruling pp. 409-410.

### COUNT NINE
(Act of Physical Violence in the Capital Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F))

In order to find the defendant guilty of this offense, the fact-finder must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in an act of physical violence in the United States Capitol Grounds or any of the Capitol Buildings; and

2. The defendant acted willfully and knowingly.

### Definitions

The term "United States Capitol Grounds" has the same definition as in Count Eight.

The terms "act of physical violence," "willfully" and "knowingly" have the same meanings described in the instructions above.

### Additional Sources

*Webster* Jury Instructions pp. 24-25.

### **Self-Defense**

Every person has the right to use a reasonable amount of force in self-defense if (1) he has a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of excessive force and (2) uses no more force than was reasonably necessary in the circumstances. A person who was the initial aggressor does not act in self-defense.

If the fact-finder finds that the defendant actually and reasonably believed that he was in imminent danger of serious bodily harm and that the defendant had reasonable grounds for that belief, then the defendant has a right to self-defense even if the defendant also had other possible motives, such as feelings of anger toward the law enforcement officers. A defendant's other possible motives do not defeat an otherwise valid claim of self-defense but can be considered in evaluating whether the defendant actually and reasonably believed that he was in imminent danger of serious bodily harm.

Self-defense is a potential defense to the charges in Counts One, Two, Three, Four, Seven, and Nine. The defendant is not required to prove that he acted in self-defense. Where evidence of

self-defense is present, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense. If the government has failed to do so, the fact-finder must find the defendant not guilty on these counts.

### Amount of Force Permissible

A person may use a reasonable amount of force in self-defense. A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself from imminent bodily harm. Even if the other person is the aggressor and the defendant is justified in using force in self-defense, he may not use any greater force than he actually and reasonably believes to be necessary under the circumstances to prevent the harm he reasonably believes is intended.

In deciding whether the defendant used excessive force in defending himself, the fact-finder may consider all the circumstances under which he acted. A person acting in the heat of passion caused by an assault does not necessarily lose his claim of self-defense by using greater force than would seem necessary to a calm mind. In the heat of passion, a person may actually and reasonably believe something that seems unreasonable to a calm mind.

### Self-Defense – Amount of Force Permissible Where Appearances Are False

If the defendant actually and reasonably believes it is necessary to use force to prevent imminent bodily harm to himself, he may use a reasonable amount of force even though afterwards it turns out that the appearances were false.

### Self-Defense – Where Defendant Might Have Been the Aggressor

If the fact-finder finds that the defendant was the aggressor, he cannot rely upon the right of self-defense to justify his use of force.

Mere words without more by the defendant, however, do not constitute aggression.

Additional Sources

*Webster* Jury Instructions pp. 25-27.

*United States v. Saleh*, 916 F.3d 97, 110 (2d Cir. 2019); *United States v. Grover*, 485 F.2d 1039, 1042 (D.C. Cir. 1973) ("[G]enerally the defense of self-defense is not available to one who provokes the difficulty." (internal quotation marks omitted)).

Redbook 9.500, 9.502, 9.504.

<b>Public Authority and Statements of Former President Trump</b>

Evidence regarding statements made by former president Donald Trump and Rudolph Giuliani on January 6, 2021 could be introduced into evidence. If so, this evidence would be admitted for a limited purpose, which is its potential impact on the intent required to establish the defendant's guilt on the offenses he has been charged with committing, if the fact-finder concludes that the defendant in fact heard those statements.

The fact-finder is not to consider that evidence for any other purpose. Neither former president Donald Trump nor Rudy Giuliani actually had the power to authorize or make legal the alleged crimes charged in this case.

Additional Sources

Exhibit D, Transcript, *United States v. Thompson*, 21 Cr. 161 (RBW) (D.D.C. Apr. 14, 2022) at 618-619 (jury instructions).

*United States v. Grider*, 21-Cr-222 (CKK), 2022 WL 3030974, *1 (D.D.C. Aug. 1, 2022) (denying defendant's request to instruct jury on entrapment by estoppel defense centered on former President Donald J. Trump's "Save America" address in advance of the insurrection because "no such defense is available").

*United States v. Chrestman*, 525 F. Supp. 3d 14, 32-33 (D.D.C. 2021) (in connection with the court's assessment of the strength of the Government's evidence at a detention hearing, holding that "a President cannot, within the confines of his constitutional authority, prevent the constitutionally mandated certification of the results of a Presidential Election or encourage others to do so on his behalf, nor can he direct an assault on the coequal Legislative branch of government . . . Put simply, even if former President Trump in fact [explicitly directed the rioters' actions,] his statements would not immunize defendants charged with offenses arising from the January 6 assault on the Capitol from criminal liability.").

## **CONCLUSION**

The parties will be prepared to address any questions or disputes related to the proposed legal instructions at the outset of trial on January 9, 2023, or at the Court's convenience.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052<br><br>By:   */s/ Jason M. Manning*<br>Jason M. Manning<br>NY Bar No. 4578068<br>Trial Attorney, Detailee<br>Nialah S. Ferrer<br>NY Bar No. 5748462<br>1400 New York Ave NW, 11th Floor<br>Washington, D.C. 20005<br>(202) 514-6256<br>jason.manning@usdoj.gov | THE ORENBERG LAW FIRM, P.C.<br>*Counsel for the Defendant*<br><br>By:   */s/ Allen Orenberg*<br>Allen Howard Orenberg<br>12505 Park Potomac Avenue<br>6th Floor<br>Potomac, MD 20854<br>(301) 984-8005<br>aorenberg@orenberglaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

Dated: January 3, 2023

> By:     /s/
> Jason M. Manning
> NY Bar No. 4578068
> Trial Attorney, Detailee
> Nialah S. Ferrer
> NY Bar No. 5748462
> 1400 New York Ave NW, 11th Floor
> Washington, D.C. 20005
> (202) 514-6256
> *jason.manning@usdoj.gov*